8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SOUTHWESTERN GROWTH ENTERPRISES DEFINED PENSION BENEFIT
TRUST, Petitioner,
v.
NATIONAL CREDIT UNION ADMINISTRATION, Respondent.
 No. 92-70044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided Oct. 6, 1993.
 
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER,* District Judge.
 MEMORANDUM**
 Petitioner Southwestern Growth Enterprises Defined Pension Benefit Trust seeks to recover $42,800 held in a share certificate in a federally insured failed credit union. The National Credit Union Administration (hereinafter "NCUA") denied Petitioner's claim. We affirm.
 DISCUSSION
 The National Credit Union Administration is a creature of the Federal Credit Union Act, 12 U.S.C. §§ 1751-1795k. Under the Act member accounts are insured up to $100,000.00. 12 U.S.C. § 1787(k). The NCUA, "in its discretion, may require proof of claims to be filed and may approve or reject such claims for insured deposits." 12 U.S.C. § 1787(d)(2).
 The NCUA's determinations shall be upheld unless found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Company, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983). An agency's factual findings must be upheld "if those findings are supported by substantial evidence on the record as a whole." Arkansas v. Oklahoma, 112 S.Ct. 1046, 1060, 117 L.Ed.2d 239 (1992).
 The NCUA here determined that "[Petitioner] was not the owner of [the] share certificate ..., that Bruce Wiegand pledged that share certificate as collateral for advances under two lines of credit, and that the share certificate was properly applied to the lines of credit when they became delinquent." J.E.R. at 118. Bruce Wiegand is Petitioner's Trustee.
 Abundant evidence supports the NCUA's conclusions. The account identified on the share certificate contains no reference to Petitioner. To the contrary, the share refers to an account owned by Bruce and Claudia Wiegand. The credit union's records do not contain a signature card for Bruce Wiegand as trustee for Petitioner, nor any record establishing an account for Petitioner.
 
 
 1
 Similarly, Petitioner's own records fail to demonstrate that Petitioner was the owner of the share in question or, for that matter, the previous shares from which its funds were drawn. Petitioner failed to declare these assets on its tax returns. In fact, Bruce Wiegand pledged the assets as collateral for lines of credit drawn on accounts he owned.
 
 
 2
 Petitioner has an explanation for each of the factors on which the NCUA relied in reaching its conclusion. In short, Petitioner argues that the overwhelming evidence against its claim is the product of inadvertence and the errors of others. Such explanations fall far short of demonstrating that the NCUA acted arbitrarily and capriciously in concluding that the shares were not Petitioner's property.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3